IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-122-F

| | |
|---|---|
| APOSTLE ANTHONY L. McNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| TARBORO DISTRICT ATTORNEY'S ) | |
| OFFICE, and ROCKY MOUNT ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915 which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915.

Since 2006, Plaintiff has initiated at least 14 cases in this Court. *See e.g.* 5:10-CV-561-FL (DE-2). The undersigned has recently reviewed several of Plaintiff's other complaints and has recommended that each of them be found frivolous. *See*,

5:10-CV-544-FL; 5:10-CV-545-FL; 5:10-CV-546-FL; and 5:10-CV-561-FL. The claims raised in the instant complaint have already been raised multiple times in Plaintiff's previous frivolous filings. Therefore, the undersigned recommends that Plaintiff's complaint be dismissed as frivolous for the reasons already stated in Plaintiff's previous cases. Because of Plaintiff's proclivity for filing frivolous lawsuits, many of which are only slight iterations of previously raised claims, the undersigned recommends the entry of a pre-filing injunction standing order with regard to Plaintiff. *See e.g.*, http://www.nced.circ4.dcn/html/prefilinginjunctions.html.

Regardless, Plaintiff's instant complaint is less than a model of clarity. However, it is apparent that he wishes this Court to enter an order staying and vacating ongoing state criminal proceedings. (DE 1-1, pg. 4-5). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . Thus, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-487.

If Plaintiff were to succeed on these claims, his pending state prosecution would necessarily be invalidated. Therefore his Complaint must be dismissed. Similarly, "federal courts should abstain from the decision of constitutional challenges to a state action . . . whenever the federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989)(internal citations and quotations omitted). The issues raised by Plaintiff involve important state interests and clearly can be presented in the ongoing state judicial proceedings in this matter.

Furthermore, Defendant Rocky Mount Police Department is not a distinct legal entity capable of being sued. In Parker v. Bladen County, 583 F. Supp. 2d 736 (E.D.N.C. June 27, 2008), this Court noted:

> State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." Efird v. Riley, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004) (*citing* Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir.1981)). For example, N.C. Gen.Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department.
>
> Parker, 583 F. Supp. 2d at 740.

Likewise, there is no North Carolina statute authorizing suit against a specific police department. *See*, Moore v. City of Asheville, NC, 290 F. Supp. 2d 664, 673 (W.D.N.C. November 13, 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005)("under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued").

3

Even if Defendant Rocky Mount Police Department were capable of being sued, "a municipality is only liable . . .[for a deprivation of federal rights] if it causes such deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)(*citing* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691). Conversely, a municipality cannot be held liable for such a deprivation on a *respondeat superior* theory. *Id.* Plaintiff has failed to allege that Defendant Rocky Mount Police Department's policy, custom, or practice caused a violation of his federal rights.

Finally, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). *See also*, Smith v. McCarthy, 349 Fed. Appx. 851, 859 (4th Cir. 2009). Accordingly, Defendant Tarboro District Attorney's Office is protected by absolute immunity with regard to these claims.

## **Conclusion**

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim. The undersigned also RECOMMENDS that a pre-filing injunction standing order be entered with regard to Plaintiff.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, April 05, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE