IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-122-FL

| | | |
|---|---|---|
| APOSTLE ANTHONY L. MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TARBORO DISTRICT ATTORNEY'S OFFICE and ROCKY MOUNT POLICE DEPARTMENT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court upon plaintiff's motion for leave to proceed *in forma pauperis* (DE # 1), filed March 16, 2011, and the memorandum and recommendation ("M&R") of Magistrate Judge William A. Webb (DE # 4), filed pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) on April 5, 2011. The magistrate judge recommends that the court dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2) and enter a pre-filing injunction against plaintiff. On April 18, 2011, plaintiff objected to the recommendation that his case be dismissed, accusing the magistrate judge of prejudice.

## BACKGROUND

As the magistrate judge noted, plaintiff has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous.[1] Each of these actions concerned plaintiff's

---

[1] See McNair v. Rocky Mount Police Dep't, No. 5:06-CT-3015-FL (E.D.N.C. filed Feb. 21, 2006) (summary judgment granted to defendant); McNair v. Rocky Mount Police Dep't, No. 5:07-CT-3127-FL (E.D.N.C. filed Sept. 21, 2007) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:07-CT-3130-FL (E.D.N.C. filed Sept. 26, 2007) (voluntarily dismissed); McNair v. Rocky Mount Police Dep't, No. 5:08-CT-03042-H (E.D.N.C. filed Mar. 31, 2008) (dismissed as frivolous); McNair v. Fitch, No. 5:08-CT-3050-BO (E.D.N.C. filed Apr. 18, 2008) (dismissed as

allegations that the judges, prosecutors, defense attorneys, and police officers involved in plaintiff's various prosecutions in state court have deprived him of his constitutional rights. In some of these actions, plaintiff requested monetary damages. In others, he requested that the court overturn the underlying state court conviction.

Because none of his state court convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, most of plaintiff's actions have been dismissed as frivolous pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Others have been dismissed as frivolous based on principles of judicial or prosecutorial immunity pursuant to Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) and Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).

The instant action fits the aforementioned pattern. Plaintiff alleges that the Tarboro District Attorney's Office and the Rocky Mount Police Department have violated his civil rights by filing an indictment in state court and by obtaining a "false arresting warrant." He asks the court to enjoin further criminal proceedings against him and to award him monetary damages. The magistrate judge, citing Heck and Imbler, recommends dismissing the complaint as frivolous under 28 U.S.C. § 1915(e)(2). Noting plaintiff's "proclivity for filing frivolous lawsuits, many of which are only

---

frivolous); McNair v. Fitch, No. 5:08-CT-3085-FL (E.D.N.C. filed July 2, 2008) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:08-CT-3144-H (E.D.N.C. filed Nov. 6, 2008) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:10-CV-544-FL (E.D.N.C. filed Oct. 14, 2010) (dismissed as frivolous); McNair v. Nash County Dist. Attorney's Office, No. 5:10-CT-03192-D (E.D.N.C. filed Oct. 27, 2010) (motion for leave to proceed *in forma pauperis* remains pending); McNair v. Tarboro Dist. Attorney's Office, No. 5:10-CV-545-FL (E.D.N.C. filed Nov. 3, 2010) (dismissed as frivolous); McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-546-FL (E.D.N.C. filed Nov. 12, 2010) (dismissed as frivolous); McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-561-FL (E.D.N.C. filed Dec. 1, 2010) (dismissed as frivolous). Plaintiff unsuccessfully appealed the court's dismissal of four of his frivolous actions. See McNair v. Rocky Mount Dist. Attorney's Office, Nos. 11-1161, 11-1162, 2011 WL 1454078 (4th Cir. Apr. 15, 2011); McNair v. Tarboro Dist. Attorney's Office, No. 11-1100, 2011 WL 971180 (4th Cir. Mar. 21, 2011); McNair v. Rocky Mount Police Dep't, No. 11-1036, 2011 WL 807558 (4th Cir. Mar. 9, 2011). Generally, however, plaintiff simply brings an identical claim before this court following dismissal.

slight iterations of previously raised claims," the magistrate judge also recommends that the court issue a pre-filing injunction against plaintiff to prevent further abuse.

Plaintiff objects to the M&R, but does not specifically identify any legal or factual error committed by the magistrate judge. Instead, plaintiff accuses the magistrate judge of prejudice and incorrectly asserts that he has already been granted leave to proceed *in forma pauperis* and is entitled to judgment on his claims. The objection also contains an off-topic discussion of the Eleventh Amendment and Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). However, as is his wont, plaintiff ignores the substance of the magistrate judge's recommendations and declines to address the matters now squarely before the court: plaintiff's history of asserting frivolous claims and the court's desire to prevent him from doing so again in the future.

## DISCUSSION

A. Plaintiff's Motion to Proceed *In Forma Pauperis*

Absent a specific and timely filed objection, the court reviews a magistrate judge's recommendation under 28 U.S.C. § 636(b) only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Although plaintiff objected to the magistrate judge's analysis, his objections did not direct the court to any specific error committed by the magistrate judge. See, e.g., Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As such, plaintiff is not entitled to *de novo* review of his claims.

After a careful review, the court can find no error in the magistrate judge's recommendation that this matter be dismissed as frivolous. The magistrate judge properly applied the law as set forth in Heck v. Humphrey, 512 U.S. at 486-87, Imbler v. Pachtman, 424 U.S. at 430-31, Cinema Blue

3

of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52 (4th Cir. 1989), and Parker v. Bladen County, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008), as well as the other cases cited in the M&R, in recommending dismissal. Accordingly, plaintiff's motion for leave to proceed *in forma pauperis* is DENIED and this case is DISMISSED.

B.  Pre-Filing Injunction

The court now turns to the magistrate judge's recommendation that the court enter a pre-filing injunction against plaintiff. The court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. Id. at 817-18. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. Id.[2]

As did the magistrate judge, this court finds that the relevant circumstances strongly favor such an injunction. Plaintiff's numerous frivolous lawsuits have been vexatious, harassing, and duplicative; he has not had a good faith basis to continue to pursue this litigation strategy after being

---

[2] Before issuing a pre-filing injunction, the court must give the individual to be enjoined notice and an opportunity to be heard. Cromer, 390 F.3d at 819. This requires the court to ensure that the individual has the opportunity to oppose the court's order before it is imposed. Id. (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). Here, the court finds that plaintiff has been given the opportunity to be heard, as he was informed of the possibility of a pre-filing injunction and the basis therefor by the magistrate judge in his M&R, and declined to address the merits of that recommendation or otherwise oppose imposition of a pre-filing injunction.

4

Case 5:11-cv-00122-FL Document 9 Filed 05/02/11 Page 4 of 6

informed on multiple occasions that lawsuits attacking his state court prosecutions could not proceed; this court, which already maintains one of the heaviest dockets in the Fourth Circuit, has been burdened by plaintiff's repetitive lawsuits; and alternative sanctions, such as dismissal of these actions pursuant to frivolity review, have proven inadequate.

The court also finds that the consistent pattern of lawsuits brought by plaintiff allow for a narrowly tailored pre-filing injunction. As previously noted, each of plaintiff's frivolous lawsuits has involved allegations that judges, prosecutors, defense attorneys, and police officers deprived him of his constitutional rights with respect to various prosecutions in state court. Accordingly, plaintiff will be enjoined from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.[3]

Nothing in this order precludes plaintiff from filing an action on other subject matter (assuming a valid claim is stated), and nothing in this order shall be construed to preclude plaintiff from defending himself in any action brought against him in this court. However, to protect against further abuses and any attempt to circumvent the injunction herein imposed, plaintiff must attach a copy of this order to any complaint or motion for leave to proceed *in forma pauperis* filed by him in this judicial district, regardless of the subject matter of such lawsuit. If the lawsuit is not one that

---

[3] Plaintiff is not foreclosed from filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254, where appropriate. The court notes, however, that plaintiff must first exhaust his state remedies, meaning that he must bring his claim before every available state court first. See Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010). Moreover, such claims are subject to a strict statute of limitations and an untimely petition may warrant dismissal *sua sponte* by this court. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006). If plaintiff abuses the § 2254 writ, the court will consider broadening the instant injunction.

5

is governed by this order, it will be allowed to proceed. Otherwise, it will be dismissed and sanctions may be imposed. Plaintiff is warned that failure to comply with the requirements of this order may result in monetary penalties and/or initiation of contempt proceedings.

## CONCLUSION

For the reasons set forth above, and upon careful review of the magistrate judge's M&R, plaintiff's motion for leave to proceed *in forma pauperis* (DE # 1) is DENIED. This case is DISMISSED and all pending motions are DENIED AS MOOT.

Furthermore, the court hereby ENJOINS plaintiff from filing any lawsuit seeking damages for constitutional violations relating to state court convictions that have not been invalidated, or any lawsuit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge instead could have been brought within those proceedings. Regardless of the subject matter of the lawsuit, plaintiff must attach a copy of this injunction to any complaint or motion for leave to proceed *in forma pauperis* filed in this judicial district.

SO ORDERED, this the 27th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge